**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. DONALD MILLS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-599-GKF-FHM |
| | ) |
| 1. BNSF RAILWAY, | ) |
| 2. BURLINGTON NORTHERN AND SANTA FE RAILWAY, | ) |
| 3. BURLINGTON NORTHERN SANTA FE CORPORATION, | ) |
| 4. BNSF RAILWAY COMPANY, | ) |
| 5. BURLINGTON NORTHERN SANTA FE, LLC, | ) |
| 6. BURLINGTON NORTHERN INC., | ) |
| 7. THE STAUBACH COMPANY, | ) |
| 8. HOLLOWAY-STAUBACH CORPORATION and | ) |
| 9. JONES LANG LaSALLE, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S GENERAL MOTION IN LIMINE AND BRIEF IN SUPPORT

COMES NOW BNSF RAILWAY COMPANY ("BNSF") and for its General Motion in Limine and Brief in Support, moves this Court to order Plaintiff, his witnesses and/or his attorneys not to refer to, ask questions about, or mention in any way during the course of this trial the following subjects:

1.  Any reference to the fact that BNSF is essentially a self-insurer, and any reference to BNSF having or not having liability insurance coverage. FED. R. EVID. 411. Furthermore, any questioning of the jury panel as to whether they or any member of their family are employed, associated with, or have any connection with an insurance company should be prohibited. Furthermore, Plaintiff should not be allowed to place any emphasis on jurors who are employed by insurance companies. Such tactics infer that Defendant has insurance. FED. R. EVID. 411.

2. Any reference to any other claim or suit involving BNSF or any testimony in any such suits, without the Court first ruling on the relevancy, materiality and admissibility of such matters. Specifically, any use of testimony or facts from a claim or lawsuit (other than the claim or lawsuit made the subject of this lawsuit) for the purposes of showing whether the Defendant was negligent. This does not seek to exclude such information for the purposes of showing bias or prejudice of a witness. The information sought to be excluded is not relevant and/or the probative value of the information is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 401, 402 and 403.

3. Any mention whatsoever of the Motions in Limine filed by the parties to this lawsuit or the Court's ruling on them.

4. Any testimony whatsoever that the railroad is inherently dangerous. FED. R. EVID. 401, 402 and 403.

5. Any testimony that the Plaintiff is a "hero" or enjoys some special status based on his position and/or employment. FED. R. EVID. 401, 402 and 403.

6. Any mention of the fact that Defendant railroad has been involved in other similar lawsuits or any other litigation to which Defendant is a party as any reference to other lawsuits would necessitate a "mini-trial" on each of these lawsuits.

7. Any reference to objections to discovery made by Defendant. Any reference or comment regarding discovery disputes in this matter, or that answers to interrogatories or items produced pursuant to an order of the Court were "ordered by the Court" or "produced under Court order" or other similar comment.

8. Any reference to any document alleged to be an internal document of Defendant railroad, or its affiliates, unless it has been properly authenticated in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

9. Statements or arguments intending to inflame or arouse feelings of hostility or resentment against defendant. *Handshy v. Nolte Petroleum Co.,* 421 S.W.2d 198 (Mo. 1967); *Roberts v. Lewis*, 441 P.2d 350 (Okla. 1968).

10. Any reference of other defects in the railroad's premises or equipment, or unrelated potentially negligent acts of the railroad.

11. Any reference to testimony given over objections in depositions and/or written discovery. Any testimony given over objections without a ruling thereon by the Court being previously made is not admissible. FED. R. EVID. 103.

12. Any reference to news stories, articles and publications of any recent accidents involving the Defendant Railroad and/or any investigations of Defendant Railroad by any governmental agencies regarding safety.

13. Any argument, testimony or other evidence that Defendant violated any statute, regulation or guideline not specifically identified by Plaintiff in discovery.

14. Any attempt by Plaintiff to call lay or expert witnesses who were not previously identified.

15. Any testimony, reports, written materials or documents which contain, reflect or otherwise mention the opinions of any witnesses, including expert witnesses, where the opinions are based on "specialized knowledge" or "technical knowledge" unless they rest on good grounds, are based upon sound underlying methodology or analysis, provide a guarantee of evidentiary reliability, and are relevant. *Kumho Tire Co.,*

*Ltd., v. Carmichael*, 526 U.S. 137, 152 (1999). In particular, Plaintiff should be prohibited from referring to the report of W.C. Crager.

16. A request or offer to enter into any stipulation in the presence of the jury.

17. Hearsay comments attributed to any unidentified witness not subject to cross-examination.

18. Any testimony with regard to medical or psychological treatments, diagnoses, prognoses or similar alleged facts unless such testimony is set forth by a competent medical expert.

19. Any medical reports directed to an attorney. Medical reports to an attorney are not business records.

20. Any reference to the Plaintiff's financial condition and expenditures or requirements for expenditures other than those directly related to Plaintiff's alleged injuries. Plaintiff should not be allowed to imply any poverty or neediness on the part of the Plaintiff or whether or not Plaintiff has been able to maintain his standard of living. FED. R. EVID. 401, 403.

21. The family circumstances of Plaintiff should be excluded. This prohibition should extend not only to the financial condition of Plaintiff's family, but also the physical or mental condition of any member of Plaintiff's family. Furthermore, the Plaintiff should not be allowed to imply or argue that his family is living in an impoverished state. *Southern Pacific v. Ralston*, 67 F.2d 958 (10th Cir. 1933). FED. R. EVID. 401, 403.

22. Evidence or argument regarding depositions or the failure of the Defendant to bring witnesses live to trial that are available to either party. FED. R. EVID. 401, 403.

23. The Court should exclude all references to the Defendant railroad or the railroading industry as "dangerous." Such labels constitute the impermissible use of reputation or character evidence to show dangerous conduct on a particular occasion. FED. R. EVID. 404.

24. Any closing argument to the jury advising that the panel can, by its verdict, express its feelings about the issue in controversy and/or that the jury is in a position to send a message to a party or particular group in the community. *Chicago, Rock Island and Pacific RR Co.*, 408 P.2d 789 (Okla. 1965). Furthermore, Plaintiff should not be allowed to infer or produce evidence of other "potentially negligent" acts of the railroad. FED. R. EVID. 401, 403.

25. Any attempt by the Plaintiff to exhibit in the courtroom or to attempt to exhibit in the courtroom any items in front of the jury, including but not limited to models, diagrams, films, sound recordings or photographs without showing them to Defendant's counsel and counsel having an opportunity to object.

26. Any reference to settlement negotiations, or statements made during settlement negotiations. FED. R. EVID. 408.

27. Any reference to or attempts to obtain opinions from lay witnesses on whether an act was negligence, that an area was unsafe, or other similar evaluation. FED. R. EVID. 701, 403.

28. Any statement or argument referencing the size of the corporate defendant, its corporate status, its power and wealth, etc. *Missouri-Kansas-Texas Rr Co.,* 454 P.2d 308 (Okla. 1969); *Green v. Ralston Purina Co.*, 376 S.W.2d 119 (Mo. 1964); *Cook v. Cox*, 478 S.W.2d 678 (Mo. 1972).

29. Any remark during *voir dire*, opening statement, or closing argument concerning the size of defense counsel's law firm, *Friedland v. Allis Chalmers Co.*, 511 N.W.2d 1199 (Ill. App. 1987), that railroad counsel's argument is intellectually dishonest, *Tucker v. Kansas City Southern Ry. Co.*, 765 S.W.2d 308 (Mo. App. 1989), or any derogatory remarks directed at opposing counsel, indicating size and geographic location of counsel's law firm, *etc. Cook v. Cox*, 478 S.W.2d 678 (Mo. 1972); *Paulsen v. Gateway Transp. Co.*, 252 N.W.2d 406 (Ill. App. 1969).

30. Any statement during *voir dire* or opening statement, the intent of which is to commit a juror or jurors to a verdict in a pre-determined amount, if they should find in favor of plaintiff. *Wright v. Chicago, Burlington & Quincy Rr. Co.*, 392 S.W.2d 401 (Mo. 1965)

31. Any statement or comment to the jury suggesting a dollar amount that no juror would accept to voluntarily incur the injury plaintiff has suffered. *Texas & N.O.R.R. v. Sturgeon*, 177 S.W.2d 264 (Tex. 1944) (comment to jury that "I don't think a man on this jury would sell his leg for $100,000" held to be reversible error).

32. Defendant respectfully requests in advance that the Court administer a cautionary instruction that any dollar figure advanced by plaintiff's counsel does not constitute evidence but merely represents argument which the jury is entirely free to disregard in the event that any such argument should come before the jury, notwithstanding the impropriety of such argument. *See*, *Milenski v. Long Island Rr. Co.*, 499 F.2d 1169 (2d Cir. 1974).

33. Argument which requests the jury to place themselves in the plaintiff's position for purposes of evaluating the pain and suffering associated with his injury. *Fambrough v. Wagley*, 169 S.W.2d 478 (Tex. 1943); *Loose v. Off Shore Navigation, Inc.*,

670 F.2d 493 (5th Cir. 1982); *Woods v. Burlington Northern Rr. Co.*, 768 F.2d 1287 (11th Cir. 1985*); Har-Pen Trucklines, Inc. v. Mills*, 378 F.2d 705 (5th Cir. 1967).

34.  Questions directed to Defendant's counsel should be prohibited.  N.D.OK LCvR 83.7(b).

36.  Defendant railroad requests that Plaintiff be prevented from testifying as to his family status.  *See Chicago & N.W. Ry. Co. v. Kelly*, 74 F.2d 31,34-36 (8th Cir. 1934); *Southem Pac. v. Ralston*, 67 F.2d 958, 959-60 (10th Cir. 1933); *Chicago St. P.M. & O.P. CO. v. Arnold,* 160 F.2d 1002,1008 (8th Cir. 1947). Any probative value is far outweighed by the unfair prejudice to the defendant. FED. R. EVID. 402 and 403.  The purpose of such evidence is clearly to arouse the passions and sympathy of the jury. As such, it should be excluded.  FED. R. EVID. 403.

37.  Plaintiff may attempt to offer evidence of a prior act of alleged misconduct in an attempt to show that the railroad was negligent with respect to the incident involved here.  FRE 404(3) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  The rule prohibiting the use of prior bad acts is applicable to this case.  *See, Monger v. Cessna Aircraft Company*, 812 F.2d 402, 406 (8th Cir. 1987); *Bastian v. T.P.I. Corporation*, 663 F.Supp. 474, 476-77 (N.D. Ill. 1987); *Crawford v. Yellow Cab*, 572 F.Supp. 1205, 1208-09 (N.D. Ill. 1983).

WHEREFORE, premises considered, Defendant BNSF Railway Company prays this Honorable Court enter its Order on Defendant's Motion in Limine requiring all parties, their witnesses and attorneys to refrain from mentioning or bringing out in any manner such matters at any time during the trial of this cause in the presence of the Jury without first taking the matter up with the Court.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

## **CERTIFICATE OF SERVICE**

I certify that on the 12th day of April, 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/ George R. Mullican