## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1. BNSF RAILWAY, | ) | |
| 2. BURLINGTON NORTHERN AND | ) | |
| SANTA FE RAILWAY, | ) | |
| 3. BURLINGTON NORTHERN SANTA | ) | |
| FE CORPORATION, | ) | |
| 4. BNSF RAILWAY COMPANY, | ) | |
| 5. BURLINGTON NORTHERN SANTA | ) | |
| FE, LLC, | ) | |
| 6. BURLINGTON NORTHERN INC., | ) | |
| 7. THE STAUBACH COMPANY, | ) | |
| 8. HOLLOWAY-STAUBACH | ) | |
| CORPORATION and | ) | |
| 9. JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT REGARDING COMMENTS OR ARGUMENT BY PLAINTIFF'S COUNSEL CONCERNING SUBSEQUENT REMEDIAL MEASURES

Defendant BNS RAILWAY COMPANY ("BNSF") moves this Court for an Order prohibiting the Plaintiff, Plaintiff's witnesses, or Plaintiff's counsel from directly or indirectly referring to, inquiring about, introducing, arguing or mentioning in any way, throughout the course of this trial, including but not limited to the voir dire, opening and closing statements and questioning of witnesses, evidence or remarks concerning subsequent remedial measures.

Federal Rule of Evidence 407 states:

407.  Subsequent Remedial Measures

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to provide negligence or culpable

conduct in connection with the event.  This section does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

In *Heilig v. Studebaker Corp.*, 347 F.2d 686 (10th Cir. 1965), the Tenth Circuit Court of Appeals, applying Oklahoma law, stated that "[i]t is a well-settled rule that evidence of repairs made after an injury is not admissible as proof of negligence of the defendant." *Id.* At 689.

In *Kenny v. Southeastern Pennsylvania Transportation Authority*, 581 F.2d 351 (3d Cir. 1978), *cert. denied* 439 U.S. 1073, the Third Circuit Court of Appeals stated that the reason for the exclusion is to encourage post-accident repairs or safety precautions in the interest of public safety.  *Id.* at 356.  The major purpose behind the rule is to avoid discouraging injurers from taking such remedial measures as the accident may suggest would be appropriate to reduce the likelihood of future accidents -- and discouraged they would be if they were penalized in court by having the measures treated as a confession of fault in not having been taken earlier.  *Kaczmarek v. Allied Chemical Corp.,* 836 F.2d 1055, 1060 (7th Cir.1987), *citing Flaminio v. Honda Motor Co.,* 733 F. 2d 463, 469 (7th Cir. 1984).

Rule 407 finds its rationale in public policy concerns.  *Rollins v. Board of Governors for Higher Education*, 761 F.Supp. 939, 940 (D.R.I. 1991).  Admitting such evidence might discourage steps to improve safety.  *Rollins*, 761 F.Supp. At 940, *citing Bailey v. Kawasaki Kisen K.K.,* 45 F.2d 392, 396 (5th Cir. 1972).  This public policy is not served by admitting evidence of subsequent repairs, even if the decision to make such repairs was made prior to the incident being litigated.  *Rollins*, 761 F. Supp. at 940.  Once an accident occurs there is even more reason to encourage defendants to take remedial

measures. *Id.* Defendants should not fear that if litigation ensues after a particular incident, any remedial measures taken will be admitted to prove their negligence. *Id.*

FED. R. EVID., Rule 407 codifies the almost uniform practice of American courts of excluding evidence of remedial practice of American courts of excluding evidence of remedial measures as proof of an admission of fault. *Rimkus v. Northwest Colorado Ski Corporation*, 706 F.2d 1060, 1064 (10th Cir. 1983), *citing* Weinstein's *Evidence*, paragraph 407 [01] (1981) at 405-7. The use of the phrase "remedial measures" is designed to bring within the scope of the rule any post-accident change, repair or precaution. *Rimkus,* 706 F.2d at 1064, *citing Weinstein*. Rule 407 is broad enough to cover such diverse situations as the discharge of the employee responsible for the accident, the change in company operating procedures or rules, or the removal of a hazardous condition from the premises where the accident took place. *Rimkus*, 706 F.2d at 1064. One of the general policies behind Rule 407 is that it encourages desirable repairs by assuring defendants that precautions taken after a mishap are not to be admissible against them as evidence of their past negligence. *Id*. Moreover, the rule recognizes that such conduct is not a fact in admission since it would also be consistent with an injury due to *contributory negligence*. *Id.*

For example, BNSF anticipates Plaintiff will argue that an orange fence surrounding the depot installed after this incident would have made the accident less likely to happen. *See* Deposition of Dino Maselli, pg. 12, ll. 7-13; pg. 13, ll. 6-11, 18-25, pg. 14, ll. 1-18; pg. 17, ll. 25 – pg. 19, ll. 20; pg. 30, ll. 5-10; pg. 33, ll. 5-17; page 41, ll. 12-14. This is the exact reason Rule 407 exists.

Even if the evidence were relevant, and FED. R. EVID., Rule 407 did not exist, the evidence could be excluded. FED. R. EVID., Rule 403 provides that relevant evidence

may be excluded for a number of bases, including the likelihood of misleading the jury and causing unfair prejudice to a party.  Here, the evidence of subsequent remedial measures would cause both unfair prejudice to BNSF and a misleading of the jury.

The Federal Rules of Evidence, as well as the judicial decisions interpreting those rules, make it clear that subsequent remedial measures are not to be introduced into evidence.  If Plaintiff attempts to introduce such evidence, the only purpose could be to convince the jury that BNSF was negligent, and such purpose is impermissible.  If the Defendant is required to wait and object to any such evidence or remarks during the trial of this case, there is a risk that the prejudicial effect resulting from such evidence or remarks cannot be overcome by a sustained objection or a curative instruction.

WHEREFORE, Defendant respectfully requests that this Court enter an order precluding the above-described testimony.

Respectfully submitted,


/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 12th day of April, 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/ George R. Mullican