# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1. BNSF RAILWAY, | ) | |
| 2. BURLINGTON NORTHERN AND SANTA FE RAILWAY, | ) | |
| 3. BURLINGTON NORTHERN SANTA FE CORPORATION, | ) | |
| 4. BNSF RAILWAY COMPANY, | ) | |
| 5. BURLINGTON NORTHERN SANTA FE, LLC, | ) | |
| 6. BURLINGTON NORTHERN INC., | ) | |
| 7. THE STAUBACH COMPANY, | ) | |
| 8. HOLLOWAY-STAUBACH CORPORATION and | ) | |
| 9. JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

## BNSF'S RESPONSE TO PLAINTIFF'S FIFTH MOTION IN LIMINE

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Fifth Motion in Limine [Dkt No. 95] states as follows:

Plaintiff's Fifth Motion in Limine seeks to preclude BNSF from arguing, or presenting any evidence or testimony regarding Plaintiff's credit and financial history. As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's fifth motion in limine, because he has not shown that Plaintiff's credit or financial history is plainly inadmissible on all possible grounds.  As the Tenth Circuit long ago observed, "[t]he credibility of the witness is always relevant in the search for truth...." *Sanders v. Buchanan,* 407 F.2d 161, 162 (10th Cir. 1969).  Plaintiff's credit and financial history regarding a default on a student loan and garnishment goes to his credibility as a witness and is also relevant to his motivation for filing this claim against BNSF.  Plaintiff's recall of the facts surrounding an incident that occurred nearly four (4) years ago will be a central issue and the Court should grant leeway in attacking Plaintiff's truthfulness in that regard.  This evidence may also provide a financial motive for filing this lawsuit as it may answer why Plaintiff did not notify BNSF of this incident in 2009 but waited until he filed this lawsuit two years later.

Other than vague and speculative statements about unfair prejudice, Plaintiff also offers no reason to exclude this evidence under Rule 403.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Fifth Motion in Limine regarding Plaintiff's credit and financial history.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT**
**BNSF RAILWAY COMPANY**

4

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/_____