**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. DONALD MILLS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-599-GKF-FHM |
| ) | |
| 1. BNSF RAILWAY, ) | |
| 2. BURLINGTON NORTHERN AND ) | |
|    SANTA FE RAILWAY, ) | |
| 3. BURLINGTON NORTHERN SANTA ) | |
|    FE CORPORATION, ) | |
| 4. BNSF RAILWAY COMPANY, ) | |
| 5. BURLINGTON NORTHERN SANTA ) | |
|    FE, LLC, ) | |
| 6. BURLINGTON NORTHERN INC., ) | |
| 7. THE STAUBACH COMPANY, ) | |
| 8. HOLLOWAY-STAUBACH ) | |
|    CORPORATION and ) | |
| 9. JONES LANG LaSALLE, ) | |
| ) | |
| Defendants. ) | |

### BNSF'S RESPONSE TO PLAINTIFF'S SIXTH MOTION IN LIMINE

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Sixth Motion in Limine [Dkt No. 96] states as follows:

Plaintiff's Sixth Motion in Limine seeks to preclude BNSF from introducing evidence that Plaintiff violated the law or conducted himself improperly. As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's sixth motion in limine, because he has not shown that the vague category of "evidence that Plaintiff violated the law or conducted himself improperly" is plainly inadmissible on all possible grounds.  The Court can refuse to grant a motion in limine that lacks specificity because a motion in limine only works at trial to admit or exclude the evidence specified.  *See e.g. United States v. Smith*, 452 F.3d 323, 330 (4th Cir. 2006).  BNSF also notes that it intends to demonstrate that Plaintiff was contributorily negligent on the date of the incident and thus would necessarily offer evidence that Plaintiff "conducted himself improperly."  Plaintiff also offers no reason to exclude this evidence under Rule 403.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Sixth Motion in Limine regarding evidence that Plaintiff may have violated the law or conducted himself improperly.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT**
**BNSF RAILWAY COMPANY**

4

## CERTIFICATE OF SERVICE

      I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

                                         /s/George Mullican