#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1.  BNSF RAILWAY, | ) | |
| 2.  BURLINGTON NORTHERN AND | ) | |
|     SANTA FE RAILWAY, | ) | |
| 3.  BURLINGTON NORTHERN SANTA | ) | |
|     FE CORPORATION, | ) | |
| 4.  BNSF RAILWAY COMPANY, | ) | |
| 5.  BURLINGTON NORTHERN SANTA | ) | |
|     FE, LLC, | ) | |
| 6.  BURLINGTON NORTHERN INC., | ) | |
| 7.  THE STAUBACH COMPANY, | ) | |
| 8.  HOLLOWAY-STAUBACH | ) | |
|     CORPORATION and | ) | |
| 9.  JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

### BNSF'S RESPONSE TO PLAINTIFF'S NINTH MOTION IN LIMINE

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Ninth Motion in Limine [Dkt No. 99] states as follows:

Plaintiff's Ninth Motion in Limine seeks to preclude any evidence or testimony regarding payment of workers' compensation benefits, including temporary total disability, or other benefits to Plaintiff.  As a preliminary matter, a motion in limine presents the trial court with the opportunity "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (quotation and citation omitted); *see also see United States v. Cline,* 188 F.Supp.2d 1287, 1291–1292 (D. Kan. 2002), *aff'd,* 349 F.3d 1276 (10th Cir. 2003).  Though such

rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's first motion in limine, because he has not shown that evidence of workers' compensation benefits he received is plainly inadmissible on all possible grounds.  Although Plaintiff's motion in limine does not

point to any particular piece of evidence sought to be excluded, it should not be construed so broadly as to cover evidence not related to workers' compensation benefits received by Plaintiff. For instance, BNSF anticipates that at a minimum, Plaintiff's prior rating for the same body part at issue in this case will be relevant and admissible.

Moreover, many courts have found that evidence of occupational disability benefits is admissible under a variety of circumstances. In *CSX Transp., Inc. v. Haischer*, 824 A.2d 966, 975-976 (Md. Ct. App. 2003), the court held that annuity payments received by a FELA claimant were admissible where the plaintiff opened the door by offering evidence of his financial sufferings. Additionally, courts have allowed evidence of collateral income to show malingering on the part of the plaintiff or a plaintiff's motivation for not returning to work. In *McGrath v. Consolidated Rail Corp.*, 136 F.3d 838, 841 (1st Cir. 1998), the court found that the collateral source payments under the Railroad Retirement Board Disability received by the FELA plaintiff were relevant and probative on the issue of whether the plaintiff was malingering. Importantly, the *McGrath* court noted that a limiting instruction would cure any possible prejudice to the plaintiff. In *Lange v. Missouri Pacific Railroad Co.*, 703 F.2d 322 (8th Cir. 1983), the court allowed evidence of collateral source payments received by railroad employee to rebut a claim that the employee had to return to work immediately after surgery because he had no income. The *Lange* court noted that the evidence was necessary to protect the defendant's right to cross-examination, which is a fundamental tenet of the adversarial system. *See also Moses v. Union Pacific Railroad Co.,* 64 F.3d 413 (8th Cir. 1995) (holding that where plaintiff makes the existence of collateral sources probative, proof thereof may be allowed into evidence); *Simmons v. Hough Lines*, 784 F.2d 1234 (5th Cir.

3

1986) (finding that collateral sources may be used to prove another matter provided that there is a limiting instruction and little likelihood of prejudice).

Here, Plaintiff's prior workers' compensation benefits are relevant to Plaintiff's motivations for not returning to work. Plaintiff's prior workers' compensation is relevant and Plaintiff does not provide an adequate explanation of how this evidence is prejudicial under Rule 403 and thus the Court should not grant this extraordinary remedy. At the very least, the Court should defer its ruling on this issue until the time of trial so that it may have context within which to judge the admissibility of this evidence.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Ninth Motion in Limine regarding Plaintiff's workers' compensation benefits.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

## CERTIFICATE OF SERVICE

      I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

                                                      /s/George Mullican