**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. DONALD MILLS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-599-GKF-FHM |
| | ) |
| 1. BNSF RAILWAY, | ) |
| 2. BURLINGTON NORTHERN AND SANTA FE RAILWAY, | ) |
| 3. BURLINGTON NORTHERN SANTA FE CORPORATION, | ) |
| 4. BNSF RAILWAY COMPANY, | ) |
| 5. BURLINGTON NORTHERN SANTA FE, LLC, | ) |
| 6. BURLINGTON NORTHERN INC., | ) |
| 7. THE STAUBACH COMPANY, | ) |
| 8. HOLLOWAY-STAUBACH CORPORATION and | ) |
| 9. JONES LANG LaSALLE, | ) |
| | ) |
| Defendants. | ) |

**BNSF'S RESPONSE TO PLAINTIFF'S THIRTEENTH MOTION IN LIMINE**

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Thirteenth Motion in Limine [Dkt No. 103] states as follows:

Plaintiff's Thirteenth Motion in Limine seeks to preclude BNSF from introducing testimony, evidence or argument that Plaintiff's damages related to medical bills should be reduced or discounted by the amounts actually paid versus amounts billed. As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is

developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

Although Plaintiff cites *Simpson v. Saks Fifth Avenue, Inc.,* No. 07–CV–0157–CVE–PJC, 2008 WL 3388739 (N.D. Okla. August 8, 2008), that decision dealt with *Medicare* write-offs, and is therefore distinguishable for purposes of this motion in limine. As commentators have noted, "[g]overnment programs such as Medicare and Medicaid have significantly increased the complexity and difficulty of applying the collateral source rule." Michael W. Cromwell, Comment, *Cutting the Fat out of Health–Care Costs: Why Medicare and Medicaid Write–Offs Should Not be Recoverable Under Oklahoma's Collateral Source Rule,* 62 Okla. L. Rev. 585, 595 (2010) (footnote omitted). Further, "[a]s a general rule, courts do not apply the collateral source rule to Medicaid

2

write-offs, unlike the jurisdictional split found with respect to Medicare write-offs." *Id.* at 596–97 (footnotes omitted). In *Compton v. Hale*, CIV-11-319-RAW, 2012 WL 5385680 (E.D. Okla. Oct. 2, 2012), the Eastern District of Oklahoma distinguished *Simpson* as applied to Medicaid benefits and granted a motion in limine limiting plaintiff's damages for medical care, treatment and services to the medical expenses actually paid by or on her behalf.

The primary rationale supporting non-recovery of discounted or written-off medical bills is that an expense can only be incurred when one has paid it or become legally obligated to pay it. *See, e.g., McAmis v. Wallace*, 980 F. Supp. 181, 184 (W.D. Va. 1997). To be sure, Plaintiff states that he is "entitled to present his damages in full, including those based on the medical bills **incurred** as a result of Defendant's acts or omissions." *See* Twelfth Motion in Limine, at p. 3. Here, any discounted amount on medical bills were never "incurred" and thus fairness dictates that the Court should preclude Plaintiff from receiving this windfall—potentially at BNSF's expense.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Thirteenth Motion in Limine regarding Plaintiff's damages related to medical bills should be reduced or discounted by the amounts actually paid versus amounts billed.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT**
**BNSF RAILWAY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/George Mullican