## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1. BNSF RAILWAY, | ) | |
| 2. BURLINGTON NORTHERN AND SANTA FE RAILWAY, | ) | |
| 3. BURLINGTON NORTHERN SANTA FE CORPORATION, | ) | |
| 4. BNSF RAILWAY COMPANY, | ) | |
| 5. BURLINGTON NORTHERN SANTA FE, LLC, | ) | |
| 6. BURLINGTON NORTHERN INC., | ) | |
| 7. THE STAUBACH COMPANY, | ) | |
| 8. HOLLOWAY-STAUBACH CORPORATION and | ) | |
| 9. JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

## **BNSF'S RESPONSE TO PLAINTIFF'S FIFTEENTH MOTION IN LIMINE**

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Fifteenth Motion in Limine [Dkt No. 105] states as follows:

Although far from clear, Plaintiff's Fifteenth Motion in Limine suggests that the Court should limit Defendant's Experts and their opinions to those matters "previously disclosed." As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975). Here, Plaintiff effectively seeks an order

which prevents BNSF from having their experts explain or otherwise expand upon their written opinions, which is not the proper function of a motion in limine.

Plaintiff suggests that it will suffer from "trial by ambush," and yet never sought to depose any of BNSF's experts. As noted in the very authority cited by Plaintiff himself:

> The purpose of a Rule 26 report is to offer a complete list of the opinions the expert witness is expected to sponsor, as well as the underlying data and analysis supporting those opinions. *See Cohlmia v. Ardent Health Svs. LLC,* 254 F.R.D. 426, 432 (N.D. Okla. 2008). **The key consideration is whether the expert report is sufficiently detailed and complete so that the opposing party can depose the witness and avoid surprise at trial**.

*Crawford v. United States*, 11-CV-666-JED-PJC, 2013 WL 249360 (N.D. Okla. Jan. 23, 2013) (emphasis added).

Plaintiff does not suggest that BNSF's expert reports were not "sufficiently detailed and complete" so that he could depose them before trial. The Court should deny Plaintiff's fifteenth motion in limine, because the very authority cited by Plaintiff dictates that any "trial by ambush" results from his failure to depose BNSF's experts.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Fifteenth Motion in Limine regarding limiting Defendant's Experts and their opinions to those matters "previously disclosed."

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/George Mullican