IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  DONALD MILLS | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-cv-599-GKF-FHM |
| | ) |
| 1.  BNSF RAILWAY, | ) |
| 2.  BURLINGTON NORTHERN AND | ) |
|     SANTA FE RAILWAY, | ) |
| 3.  BURLINGTON NORTHERN SANTA | ) |
|     FE CORPORATION, | ) |
| 4.  BNSF RAILWAY COMPANY, | ) |
| 5.  BURLINGTON NORTHERN SANTA | ) |
|     FE, LLC, | ) |
| 6.  BURLINGTON NORTHERN INC., | ) |
| 7.  THE STAUBACH COMPANY, | ) |
| 8.  HOLLOWAY-STAUBACH | ) |
|     CORPORATION and | ) |
| 9.  JONES LANG LaSALLE, | ) |
| | ) |
|          Defendants. | ) |

**BNSF'S RESPONSE TO PLAINTIFF'S SEVENTEENTH MOTION IN LIMINE**

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Seventeenth Motion in Limine [Dkt No. 107] states as follows:

Plaintiff's Seventeenth Motion in Limine seeks to preclude BNSF from introducing evidence regarding Transfer or Sale of the Depot to the City of Okmulgee. As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's seventeenth motion in limine, because he has not shown that the amorphous category of evidence of a "Transfer or Sale of the Depot to the City of Okmulgee" is plainly inadmissible on all possible grounds.  The Court can refuse to grant a motion in limine that lacks specificity because a motion in limine only works at trial to admit or exclude the evidence specified.  *See e.g. United States v. Smith*, 452 F.3d 323, 330 (4th Cir. 2006).  Here, Plaintiff does not identify the specific evidence or testimony sought to be excluded and thus the Court may deny this motion in limine.

BNSF further notes that Plaintiff has asserted a claim for exemplary damages, which, if allowed to proceed past BNSF's dispositive motion and bifurcation request on the subject, would necessarily make the current condition of the Depot relevant.  Under 23 OKLA. STAT. § 9.1(A), the "duration of the misconduct and any concealment of it" is a

relevant factor in the assessment of punitive damages. Testimony from City of Okmulgee officials will establish their attempts to preserve the historical Depot and acquire it from BNSF. Thus, the transfer or sale of the Depot to the City of Okmulgee is relevant and admissible, at the very least to Plaintiff's claim for exemplary damages. Moreover, Plaintiff also offers no reason to exclude this evidence as unfairly prejudicial under Rule 403 or as hearsay under Rules 801 or 802.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Seventeenth Motion in Limine regarding evidence of Transfer or Sale of the Depot to the City of Okmulgee.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

3

## CERTIFICATE OF SERVICE

  I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

                 /s/George Mullican