**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1.  BNSF RAILWAY, | ) | |
| 2.  BURLINGTON NORTHERN AND | ) | |
|     SANTA FE RAILWAY, | ) | |
| 3.  BURLINGTON NORTHERN SANTA | ) | |
|     FE CORPORATION, | ) | |
| 4.  BNSF RAILWAY COMPANY, | ) | |
| 5.  BURLINGTON NORTHERN SANTA | ) | |
|     FE, LLC, | ) | |
| 6.  BURLINGTON NORTHERN INC., | ) | |
| 7.  THE STAUBACH COMPANY, | ) | |
| 8.  HOLLOWAY-STAUBACH | ) | |
|     CORPORATION and | ) | |
| 9.  JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

**BNSF'S RESPONSE TO PLAINTIFF'S EIGHTEENTH MOTION IN LIMINE**

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Eighteenth Motion in Limine [Dkt No. 108] states as follows:

Plaintiff's Eighteenth Motion in Limine seeks to preclude BNSF from introducing evidence the Alleged Lack of Citations from the City of Okmulgee.  As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's eighteenth motion in limine, because he has not shown that "the Alleged Lack of Citations from the City of Okmulgee" is plainly inadmissible on all possible grounds.  Plaintiff has alleged that BNSF was negligent *per se* for violating the Okmulgee Property Maintenance Code and the Okmulgee Building Code.  BNSF anticipates that it City of Okmulgee officials will confirm that it has issued no citations for the Depot under either the Property Maintenance Code or the Building Code.  This evidence will be directly relevant to whether the City of Okmulgee believed that any violations occurred and would also shed light on whether BNSF acted as a reasonably prudent landowner under the circumstances.  In the event that BNSF had violated either the Property Maintenance Code or the Building Code, those violations would most likely be Exhibit "1" on Plaintiff's Exhibit List.

Additionally, BNSF notes that Plaintiff has asserted a claim for exemplary damages, which, if allowed to proceed past BNSF's dispositive motion and bifurcation request on the subject, would necessarily make the lack of citations regarding the Depot relevant. Under 23 OKLA. STAT. § 9.1(A), the "the attitude and conduct of the defendant upon discovery of the misconduct or hazard" is a relevant factor in the assessment of exemplary damages. Testimony from City of Okmulgee officials will establish that no citations were issued to BNSF related to the Depot. As such, the evidence is relevant and admissible. Moreover, Plaintiff also offers no reason to exclude this evidence as unfairly prejudicial under Rule 403 or as hearsay under Rules 801 or 802.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Eighteenth Motion in Limine regarding the Lack of Citations from the City of Okmulgee.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT BNSF RAILWAY COMPANY**

**CERTIFICATE OF SERVICE**

      I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

                          /s/ George Mullican