# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DONALD MILLS            )<br>                             )<br>         Plaintiff,      )<br>                             )<br>v.                        )<br>                             )<br>1. BNSF RAILWAY,            )<br>2. BURLINGTON NORTHERN AND  )<br>   SANTA FE RAILWAY,        )<br>3. BURLINGTON NORTHERN SANTA)<br>   FE CORPORATION,          )<br>4. BNSF RAILWAY COMPANY,    )<br>5. BURLINGTON NORTHERN SANTA)<br>   FE, LLC,                 )<br>6. BURLINGTON NORTHERN INC.,)<br>7. THE STAUBACH COMPANY,    )<br>8. HOLLOWAY-STAUBACH        )<br>   CORPORATION and         )<br>9. JONES LANG LaSALLE,      )<br>                             )<br>         Defendants.     ) | Case No. 11-cv-599-GKF-FHM |

## BNSF'S RESPONSE TO PLAINTIFF'S TWENTY-THIRD MOTION IN LIMINE

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Twenty-Third Motion in Limine [Dkt No. 113] states as follows:

Plaintiff's Twenty-Third Motion in Limine seeks to preclude BNSF from introducing evidence regarding "unrelated prior medical." As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg*

*v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975).

Under FED. R. EVID. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FED. R. EVID. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Mendelsohn v. Sprint/United Management Co.,* 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting *Deters v. Equifax Credit Info. Servs., Inc.,* 202 F.3d 1262, 1274 (10th Cir. 2000)). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *World Wide Ass'n of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132, 1139 (10th Cir. 2006); *Cadena v. Pacesetter Corp.,* 224 F.3d 1203, 1214 (10th Cir. 2000); *Joseph v. Terminex Int'l Co.,* 17 F.3d 1282, 1284 (10th Cir. 1994).

The Court should deny Plaintiff's twenty-third motion in limine, because he has not shown that the vague category of "evidence regarding unrelated prior medical" is plainly inadmissible on all possible grounds. As the Tenth Circuit long ago observed, "[t]he credibility of the witness is always relevant in the search for truth...." *Sanders v. Buchanan,* 407 F.2d 161, 162 (10th Cir. 1969). Plaintiff's complete medical condition is relevant to Plaintiff's credibility and at the very least would touch upon the issues of malingering and his motivation for not returning to work.

The Court can refuse to grant a motion in limine that lacks specificity because a motion in limine only works at trial to admit or exclude the evidence specified. *See e.g.*

*United States v. Smith*, 452 F.3d 323, 330 (4th Cir. 2006).  Although BNSF cannot properly respond to Plaintiff's requested prohibition without an explanation of what "unrelated prior medical" is at issue, it also notes that Plaintiff offers no reason to exclude this evidence under Rule 403.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Twenty-Third Motion in Limine regarding unrelated prior medical.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT**
**BNSF RAILWAY COMPANY**

3

## CERTIFICATE OF SERVICE

  I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

                     /s/George Mullican