**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. DONALD MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-599-GKF-FHM |
| | ) | |
| 1. BNSF RAILWAY, | ) | |
| 2. BURLINGTON NORTHERN AND | ) | |
|    SANTA FE RAILWAY, | ) | |
| 3. BURLINGTON NORTHERN SANTA | ) | |
|    FE CORPORATION, | ) | |
| 4. BNSF RAILWAY COMPANY, | ) | |
| 5. BURLINGTON NORTHERN SANTA | ) | |
|    FE, LLC, | ) | |
| 6. BURLINGTON NORTHERN INC., | ) | |
| 7. THE STAUBACH COMPANY, | ) | |
| 8. HOLLOWAY-STAUBACH | ) | |
|    CORPORATION and | ) | |
| 9. JONES LANG LaSALLE, | ) | |
| | ) | |
| Defendants. | ) | |

## BNSF'S RESPONSE TO PLAINTIFF'S TWENTY-FOURTH MOTION IN LIMINE

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Gibbs, Armstrong, Borochoff, Mullican and Hart, P.C. and for its response to Plaintiff's Twenty-Fourth Motion in Limine [Dkt No. 114] states as follows:

Although unclear, Plaintiff's Twenty-Fourth Motion in Limine attempts to prevent any witnesses, evidence, anything not previously and properly disclosed by BNSF. As this Court is well aware, it should reserve its rulings on a motion in limine for those instances when the evidence plainly is "inadmissible on all potential grounds," *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003), and a court should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed, *see Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712

(6th Cir.), *cert. denied,* 423 U.S. 987 (1975). Here, Plaintiff seeks an order which prevents BNSF from prevent any witnesses, evidence, anything not previously and properly disclosed by BNSF which is not the proper function of a motion in limine.

More importantly, Plaintiff ignores the fact that trials are dynamic processes which are controlled by the as-yet-to-be finalized Pre-Trial Order. Certainly, BNSF would be able to present rebuttal evidence within the confines of the Federal Rules of Civil Procedure and Evidence. The Court should deny Plaintiff's twenty-fourth motion in limine, because he has not shown the exact evidence that would be plainly inadmissible on all possible grounds.

WHEREFORE, PREMISES CONSIDERED, BNSF Railway Company respectfully requests the Court to deny Plaintiff's Twenty-Fourth Motion in Limine regarding witnesses, evidence, anything not previously and properly disclosed by BNSF.

Respectfully submitted,

/s/George R. Mullican
George M. Mullican, OBA #16701
Christopher D. Wolek, OBA #19612
Kevin Hoskins, OBA #17064
601 S. Boulder Ave., Suite 500
Tulsa, OK 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
**ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May 2013, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Rich Toon
John Bogatko
Toon Osmond, PLLC
1800 S. Baltimore Ave.
Tenth Floor, Suite 1000
Tulsa, OK 74119

Kate D. Thompson, OBA #20991
Stall, Stall & Thompson, PC
1800 S. Baltimore, Suite 900
Tulsa, OK 74119

**Attorneys for Plaintiff**

/s/ George Mullican